# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THELMA AYCOCK, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
RICHARD AYCOCK,**

**Plaintiff,**

**-vs-**                                                **Case No.  3:09-cv-10928-J-37JBT**

**R.J. REYNOLDS TOBACCO COMPANY
and PHILIP MORRIS USA, INC.,**

**Defendants.**

_____

## ORDER

Plaintiff has renewed the Motion in Limine (Doc. 80) that was previously denied without prejudice, (Doc. 107).  (See Pl.'s Statement of Pending Issues, Doc. 142).  The case-specific motion seeks to exclude testimony regarding consumption of alcohol by the decedent, Richard Aycock, as well as fragments of Mr. Aycock's medical records. Defendants assert that the medical records are relevant to the testimony of their two experts—Brian L. Peterson, M.D., a pathologist, and Daphne Dorce, M.D., a psychiatrist. Defendants anticipate that both experts will testify about Mr. Aycock's consumption of alcohol.  Having considered arguments of counsel and matters of record, I find Plaintiff's Motion in Limine to have merit.

In his Summary of Expert's Anticipated Testimony, Dr. Peterson states that he "will testify about [his] examination of Mr. Richard S. Aycock's medical records obtained in the course of Mr. Aycock's treatment" and "may also testify about the possible etiologies,

mechanisms, and properties of cancer, both generally and in the case of Mr. Aycock." (Doc. 142-1 at 2).  Also in his Summary, Dr. Peterson states: "There are numerous risk[] factors that have been reported to increase the risk of developing cancer, including lung cancer, other than cigarette smoking.  Some of these factors may include, but are not limited to, age, gender, general fitness, diet, heredity, smoking, alcohol and drug abuse, as well as environmental and occupational exposures."  (Id. at 3-4).

In summing up the testimony he anticipates giving, Dr. Peterson states "that (i) other clinical and diagnostic data would be required to determine whether Mr. Aycock had cancer, and if so, the type and origin of that cancer, (ii) additional clinical and diagnostic information would be required to determine the cause of Mr. Aycock's death, and (iii) due to multiple risk factors, both known and unknown, the etiology of Mr. Aycock's cancer cannot be determined."  (Id. at 4).  In other words, it cannot be determined whether Mr. Aycock had cancer or whether there was another cause of his death, but if he did have cancer, the cause of that cancer cannot be determined.

The core of Dr. Peterson's opinion is that there is insufficient data to determine whether Mr. Aycock suffered from cancer, let alone whether cancer was the cause of Mr. Aycock's death.  From that position, he leaps to the conclusion that if Mr. Aycock in fact did have some undefined form of cancer, the cause of that cancer is unknown because of multiple risk factors.  This is not a situation where an expert states a position and then explains how he arrived at his conclusions.  Instead, the defense attempts to offer evidence of Mr. Aycock's consumption of alcohol to support an opinion that Dr. Peterson does not have —that Mr. Aycock's death was caused by cancer.  If evidence of Mr. Aycock's drinking

habits were introduced, it would not be in support of a scientific opinion of Dr. Peterson, but it would serve to damage Mr. Aycock's character.

Defendants have not argued that Dr. Peterson has an opinion that Mr. Aycock died of cancer and that a cause of that cancer was consumption of alcohol.  In the absence of such an opinion, the medical records in question are not relevant, and the Motion in Limine must be granted insofar as it pertains to those records.

It is anticipated that Defendants' other expert, Dr. Dorce, will testify about addiction. In the Summary of her anticipated expert testimony, Dr. Dorce states that "there is nothing about cigarette smoking, including the purported effects of nicotine, that impairs a person's ability to stop smoking." (Doc. 142-4 at 2).  In other words, she suggests that because Mr. Aycock was not addicted to nicotine, he could quit smoking if he wanted to quit.  She buttresses this conclusion by referring to Mr. Aycock's use of alcohol, his participation in the Alcoholics Anonymous program, and the fact that for a time he stopped drinking.  (Id. at 3-4). Dr. Dorce refers to Mr. Aycock's use of alcohol as "other high-risk behavior in order to experience pleasure."  Id.  The clear implication is that if Mr. Aycock could quit drinking, he could quit smoking.

Dr. Dorce's conclusion is not supported by her deposition testimony.   When questioned about the relationship between the ability to quit smoking and the ability to quit drinking, she explained:

> Q.  Are there studies about the success of people who quit drinking in trying to quit smoking?
> A.  I haven't looked at that specifically, the two together.  I don't know.

Q. I understand. Is there any literature or website or authority that you can point me to that would show there's a link between somebody being able to quit drinking and then being able to quit smoking?

A. I wasn't asked to look, I didn't look at that specifically, so I don't know.

Q. Nothing you can tell us about here today?

A. No. . . .

Q. But as far as any predictive value of being able to quit drinking and being able to quit smoking successfully, you're not aware of any literature demonstrating that?

A. No.

(Dorce Dep., Doc. 142-3, at 211-12). Dr. Dorce's testimony that nicotine does not impair one's ability to stop smoking is tantamount to stating that nicotine is not addictive. Given this conclusion, reference to Mr. Aycock's use of alcohol would have little or no relevance to the issues in this case, and whatever relevance evidence of Mr. Aycock's drinking might have is outweighed by its prejudicial effects. Accordingly, Plaintiff's motion in limine must be granted to the extent it seeks to exclude reference to Mr. Aycock's consumption of alcohol.

It is therefore **ORDERED** and **ADJUDGED** that Plaintiff's renewed Motion in Limine (Docs. 80 & 142) is **GRANTED** as set forth herein.

**DONE** and **ORDERED** in Orlando, Florida this 18th day of April, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

-4-