**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

THELMA AYCOCK as personal
representative of the estate of
RICHARD AYCOCK, deceased,

    Plaintiff,

v.                                              Case No. 3:09-cv-10928-Orl-37JBT

R.J. REYNOLDS TOBACCO
COMPANY,

    Defendant.

**ORDER**

This matter is before the Court on the following:

1. Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims for Compensatory Damages Beyond Thelma Aycock's Claim for Lost Support and Services on the Grounds that Thelma Aycock is Now Deceased (Doc. 364), filed November 26, 2014;

2. Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claim for Compensatory Damages Beyond Thelma Aycock's Claim for Lost Support and Services on the Grounds that Thelma Aycock is Now Deceased and Plaintiff's Alternative Proposal for Remittitur (Doc. 370), filed December 15, 2014;

3. Defendant R.J. Reynolds Tobacco Company's Reply in Support of Motion for Partial Summary Judgment as to Plaintiff's Claims for Compensatory Damages Beyond Thelma Aycock's Claim for Lost Support and Services on the Grounds that Thelma Aycock is Now Deceased (Doc. 373), filed

    December 23, 2014;

4. Defendant's Motion for Partial Summary Judgment on Plaintiff's Intentional-Tort Claims and Request for Punitive Damages (Doc. 371), filed December 19, 2014;

5. Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment on Plaintiff's Intentional-Tort Claims and Request for Punitive Damages (Doc. 374), filed January 5, 2015;

6. Defendant's Reply in Support of Motion for Partial Summary Judgment on Plaintiff's Intentional-Tort Claims and Request for Punitive Damages (Doc. 377), filed January 12, 2015; and

7. Joint Motion to Extend the Deadline for the Joint Pretrial Statement from January 20, 2015 to Four Days After the In-Person Meeting (Doc. 379), filed January 19, 2015.

**BACKGROUND**

Plaintiff Thelma Aycock initiated this *Engle*-progeny Florida Wrongful Death Act (the "Act") action on behalf of herself and as the personal representative of the estate of her spouse Richard Aycock—a lifelong smoker—who allegedly died of lung cancer on July 17, 1996. (*See* Doc. 25 (Second Amended Complaint).) In April of 2013, a visiting judge presided over a jury trial that resulted in a verdict in favor of Mrs. Aycock on her negligence and strict liability claims (Counts I and VI) and in favor of Defendant on the fraudulent concealment and conspiracy claims (Counts IV and V). (*See* Doc. 302; *see also* Doc. 25.) The jury awarded Plaintiff $5,900,000.00 in compensatory damages for her "loss of support and services, loss of companionship and protection, and her mental pain and suffering, as a result of her husband's lung cancer and death."

2

(Doc. 302, p. 4.) The jury did not award punitive damages, and it allocated 72.5% of the responsibility for the legal cause of Mr. Aycock's death to Defendant R.J. Reynolds Tobacco Company. (*Id.* at 3.) The Court allocated the damages awarded in accordance with the jury's allocation percentage and entered Judgment in favor of Plaintiff and against Defendant in the sum of $4,277,500.00. (Doc. 304 (the "Judgment").)

After the Court denied Defendant's Motion for New Trial (Docs. 323, 333), Defendant appealed the Judgment (Doc. 336), posted a supersedeas bond, and obtained a stay of execution of the Judgment pending appeal (Docs. 345, 348, 349). Despite the jury's rejection of Plaintiff's intentional tort claims, the Court's entry of summary judgment against Plaintiff precluding her from seeking punitive damages for her non-intentional tort claims (Doc. 230), and the Court's consistent jury instructions and verdict form,[1] Plaintiff did not file a cross-appeal.

Defendant prevailed on appeal, and the U.S. Court of Appeals for the Eleventh Circuit reversed the Judgment and remanded for a new trial. (*See* Doc. 357, p. 19 ("[T]he district court's decision is **REVERSED** and the case is **REMANDED** for a new trial.").) The Eleventh Circuit held that the trial court committed reversible error when it granted Plaintiff's motions *in limine* and consistently excluded evidence at trial concerning Mr. Aycock's alcohol consumption as it related to causation and compensatory damages. (*See id.* at 5–6, 18.) These erroneous rulings improperly "placed the burden of proof as to causation" on Defendant and "greatly hindered" its

---

[1] The Court also ordered that the jury instructions and verdict form be drafted in a manner consistent with *Soffer v. R.J. Reynolds Tobacco Co.*, No. 1D11-3724, 2012 WL 5233477 (Fla. 1st DCA Oct. 24, 2012). (*See* Doc. 230, pp. 7–8; *see also* Doc. 289, pp. 23–24 (providing jury instructions on damages); Doc. 290, p. 4 (providing discrete damages questions on verdict form); Doc. 301.)

3

defense.[2] (*See id.* at 12–16 (finding that Defendant "was denied the opportunity to present to the jury crucial facts bearing on the likelihood of whether [Mr. Aycock] died from lung cancer").)

The day after mandate issued (Doc. 358), Plaintiff filed a statement pursuant to Federal Rule of Civil Procedure 25(a), which advised that Mrs. Aycock is deceased.[3] (Doc. 360.) Defendant then filed a Motion for Partial Summary Judgment requesting that the jury not be allowed to consider or award damages for Mrs. Aycock's "pain and suffering and her loss of companionship and protection." (Doc. 364, p. 4 ("First Motion").) After the Pretrial Conference (Docs. 365, 368), Defendant filed another Motion for Partial Summary Judgment as to Plaintiff's intentional tort claims and punitive damages demand. (Doc. 371 ("Second Motion").) Plaintiff responded to the First Motion (Doc. 370) and the Second Motion (Doc. 374), and Defendant filed replies (Docs. 373, 376). The matter is set for a jury trial on February 10, 2015. (Docs. 367, 368.)

On January 13, 2015, the Court granted the parties' joint motion to extend the deadline for their in person conference to five days after the Court rules on the First and

---

[2] (*See* Doc. 80, pp. 12, 16, 17, 27 (initial motion *in limine*); Doc. 107, pp. 3–4, 8 (denying motion *in limine* without prejudice); Doc. 142, pp. 3–4; Doc. 156 (granting renewed motion *in limine*); Docs. 159, 180, 187, 256, 272 (renewed motions *in limine*, for reconsideration, and notice of unresolved issues); Doc. 170 (Order denying without prejudice renewed motion *in limine*); Doc. 220 (Order reserving ruling); Doc. 238 (Order granting renewed motion *in limine* in part and precluding Defendant from presenting "evidence of decedent's alcohol use or cause of death without prior permission of the Court"); Docs. 278–81, 288, 294 (Defendant's proffers of excluded evidence concerning Mr. Aycock's alcohol consumption); *see also* Doc. 323 (Defendant's Motion for New Trial); Doc. 333 (Order denying Motion for New Trial).)

[3] Rule 25(a) requires a deceased party's successor or representative to file a motion for substitution of the deceased party "within 90 days of a statement noting the death" of the party. If the motion for substitution is not made in the time prescribed, the Court must dismiss the deceased party's action. Fed. R. Civ. P. 25(a)(1). The deadline for filing the motion for substitution is February 17, 2015. Because the trial is set to commence on February 10, 2015, the Court anticipates that Plaintiff will file the motion for substitution in advance of the February 17, 2015 deadline.

4

Second Motion. (Docs. 376, 378.) Yesterday, the parties filed another joint motion to extend the deadline for filing their Joint Pretrial Statement from January 20, 2015 to four days after the in-person meeting. (Doc. 379.) The parties note that the "rulings on the pending motions will materially impact the issues to be addressed in the Joint Pretrial Statement." (*Id.* at 2.)

The Court agrees with the parties that the "rulings on the pending motions" will greatly impact the parties' trial preparation; thus, an expedited ruling is warranted. The Court also finds that the parties' briefing to the Court and the legal issues presented in the First and Second Motion warrant a detailed analysis. To best serve these competing interests, and having fully considered the record, the parties' briefing, and the pertinent law, the Court finds that a summary ruling granting the First and Second Motions is due to be entered at this time, which shall be followed by a later Order setting forth the Court's analysis.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims for Compensatory Damages Beyond Thelma Aycock's Claim for Lost Support and Services on the Grounds that Thelma Aycock is Now Deceased (Doc. 364) is **GRANTED**.

2. Defendant's Motion for Partial Summary Judgment on Plaintiff's Intentional-Tort Claims and Request for Punitive Damages (Doc. 371) is **GRANTED**.

3. The trial of this matter will be limited to Plaintiff's negligence and strict liability claims—Counts I and VI of Plaintiff's Second Amended Complaint

5

(Doc. 25).

4. Plaintiff may not seek to recover punitive damages or any other compensatory damages not explicitly permitted under Florida's Wrongful Death Act, Fla. Stat. §§ 768.19, 768.21, 768.24.

5. Joint Motion to Extend the Deadline for the Joint Pretrial Statement from January 20, 2015 to Four Days After the In-Person Meeting (Doc. 379) is **GRANTED**.

6. On or before **Monday, January 26, 2015**, the parties shall meet in person as required by Paragraph II.A of the Pretrial Order (Doc. 367).

7. On or before **Friday, January 30, 2015**, the parties shall file their Joint Final Pretrial Statement in accordance with Paragraph II.B of the Pretrial Order (Doc. 367).

8. The deadline for the parties' compliance with Paragraph III of the Pretrial Order (Doc. 367) is extended to **February 2, 2015**.

9. The remaining deadlines set forth in the Pretrial Order (Doc. 367) are unchanged.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 20, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record